# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:08-mc-00067-W**

| | |
|---|---|
| JEFFERY T. MAEHR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

THIS MATTER is before the Court on Petitioner's Motion to Quash Summons (Doc. No. 1). Specifically, Petitioner seeks to quash the summons to "Robin Chandler, c/o Lending Tree LLC, 11115 Rushmore Drive, Charlotte NC 28277." (Doc. No. 1, p. 1.) When an interested party challenges enforcement of an IRS summons on a third-party, the Government holds the initial burden, albeit "slight or minimal," to establish a prima facie showing of good faith in issuing the summons. Conner v. U.S., 434 F.3d 676, 680 (4th Cir. 2006) (citing United States v. Powell, 379 U.S. 48 (1964); quoting Mazurek v. United States, 271 F.3d 226, 230 (5th Cir.2001)). To establish this burden, the Government may supply "an affidavit of an agent involved in the investigation averring the Powell good faith elements." Conner, 434 F.3d at 676 (quoting Alphin v. United States, 809 F.2d 236, 238 (4th Cir.1987)). Accordingly, the Court finds the Government should have an opportunity to respond before the Court issues its ruling. As such, the Government shall respond to the petition within fourteen (14) days from the date of this Order.

IT IS THEREFORE ORDERED that ruling on the petition to quash the summons is hereby DEFERRED. The Government is ORDERED to respond to the petition on or before Tuesday, May 13, 2008. The Clerk is DIRECTED to send notice of this Order to Petitioner at his address of record, to Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina,[1] and to Robin Chandler, c/o Lending Tree LLC, 11115 Rushmore Drive, Charlotte NC 28277.

IT IS SO ORDERED.

Signed: April 29, 2008

Frank D. Whitney
United States District Judge

---

[1] The Court presumes that notification to the United States Attorney for the Western District of North Carolina is sufficient to effectively notify the Assistant Attorney General for the Tax Division and the Department of Justice, such that no further service by the Court is necessary.