# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:08-mc-00067-W

| | | |
|---|---|---|
| JEFFERY T. MAEHR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

THE MATTER is before the Court on Petitioner's "Motion to Quash Summons" (Doc. No. 1). Specifically, Petitioner seeks to quash the summons issued by the United States of America Internal Revenue Service ("IRS") to Lending Tree, LLC, seeking financial information concerning Petitioner. In response to Petitioner's motion, the Government has moved to enforce the IRS Summons (Doc. No. 4) and also submitted a memorandum in support of its motion and in opposition to the motion to quash (Doc. No. 5). Petitioner responded to the Government's motion (Doc. No. 6), and the Government replied to that response. (Doc. No. 7.) The Court is satisfied that this matter has been fully briefed and is ripe for ruling. For the reasons that follow, the petition to quash is DENIED and the Government's Motion to Enforce the IRS Summons is GRANTED.

## BACKGROUND

The IRS is currently conduction an investigation into the federal income tax liabilities of Petitioner for the tax years 2003, 2004, 2005, and 2006 because Petitioner failed to file tax returns for those years. The purpose of the investigation is to determine the true and correct amounts of all income received by Petitioner and to ascertain the correct income tax liability for those years. On April 7, 2008, the IRS issued a summons to Lending Tree, LLC, which has its principal office

address in Charlotte, North Carolina. The Summons orders production of financial information pertaining to Petitioner, Pure Health Systems, LLC, and other entities owned or controlled by Petitioner in connection with the tax years 2004, 2005, and 2006. On the same day as issuance of the Summons, Petitioner was served with notice of the Summons by certified mail to his last known address as required by 26 U.S.C. § 7609. Notwithstanding Petitioner's assertion that he never received such notice, the IRS has produced a copy of the certified mail return receipt, which is signed by Petitioner, thereby showing service of the Summons on him.

On April 23, 2008, Petitioner filed a petition to quash the Summons. The Government does not contest this Court's jurisdiction over Petitioner's motion and has responded in opposition to Petitioner's motion. The Government has also moved the Court to enforce the Summons.

## ANALYSIS

In order to enforce the Summons, the Government carries the initial "slight or minimal" burden to establish a prima facie showing of good faith in issuing the summons. Conner v. United States, 434 F.3d 676, 680 (4th Cir. 2006) (quoting Mazurek v. United States, 271 F.3d 226, 230 (5th Cir. 2001) (citations omitted). Accordingly, the Government must show (1) the summons was issued for a legitimate purpose, (2) the summoned information is relevant to that purpose, (3) the information sought is not already in the Government's possession, and (4) the administrative steps required by the Internal Revenue Code for the issuance and service of the summons have been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); see also Conner, 434 F.3d at 680. The Government can establish its prima facie case by presenting an affidavit of an agent involved in the investigation who avers these facts. Alphin v. United States, 809 F.2d 236, 238 (4th Cir. 1987). Once the Government makes such a minimal showing, the burden then shifts to Petitioner

to disprove the existence of a valid purpose or to show that enforcement of the summons would otherwise be an abuse of the Court's process. Id. At a minimum, Petitioner must "allege specific facts in its responsive pleadings, supported by affidavits, from which the court can infer the possibility of some wrongful conduct by the IRS." Id.

Here, the Government submitted an affidavit that establishes a prima facie case for enforcement of the summons. According to the affidavit of William R. Southen, the IRS Agent conducting the investigation, the Government issued the summons for a legitimate purpose: to investigate the extent of Petitioner's tax liabilities for the years 2003, 2004, 2005, and 2006. LendingTree, LLC, holds records concerning Petitioner that are relevant to that purpose, which, according to Agent Southen's affidavit, the IRS does not already have in its possession. Finally, despite Petitioner's assertions to the contrary, all the administrative steps necessary to issue the summons have been followed. Accordingly, the burden now shifts to Petitioner.

Petitioner argues that the IRS has no "jurisdiction" over him. Specifically, Petitioner contends the IRS does not have subpoena power over him because it is not a federal agency, the Internal Revenue Code ("IRC") is not law and is inapplicable to him, and the Summons was improperly issued because it does not bear a judge's signature. Each of these arguments is wholly without merit. First, tax protestors routinely argue that the IRS is not a federal agency, an argument courts just as routinely reject. See, e.g., Anderson v. Counts, No. 1:07-cv-192, 2008 WL 268988, at *2 (N.D.Ga. Jan. 30, 2008) ("It is "clearly established" that the IRS is a federal agency created by Congress.") (citing Korman v. United States, No. 06-80848-CIV-COHN, 2007 WL 404041, at *1 n.2 (S.D.Fla. Feb. 2, 2007)); Salman v. Department of the Treasury, 899 F. Supp. 471, 472 (D. Nev. 1995) (calling argument "wholly frivolous"). Second, arguments that the Internal Revenue Code is

not "positive law" are also meritless. See, e.g., Borchert v. United States, No. 06-4418, 2007 WL 1493864, at *1 (7th Cir. 2007); Tax Analysts v. IRS, 214 F.3d 179, 183 n.1 (D.C. Cir. 2000). Thirdly, the Commissioner of Internal Revenue and all designated IRS employees have authority to compel production of books, papers, records or other data and testimony under oath by a taxpayer or other party having knowledge of the taxpayer's liability until such time as the case is referred to the Justice Department. See 26 U.S.C. § 7602; 26 C.F.R. § 301.7602-1(b). Here, the signatures of the issuing officer and the signature of the approving officer appear on the face of the summons and are sufficient to comply with the requirements for issuance of a summons. Importantly, Agent Southen's affidavit also establishes that the Justice Department is not investigating Petitioner nor has the IRS referred Petitioner's case to the Justice Department. For these reasons, the Court rejects Petitioner's arguments that the IRS has no "jurisdiction" or authority to investigate his financial affairs.

Petitioner's remaining arguments attempt to demonstrate that the IRS is engaged in fraudulent and willful and wanton conduct. Petitioner's assertions and alleged supporting evidence fail to meet his burden under Powell. Petitioner's affidavit does not provide any particulars as to any potential wrongdoing by the IRS, but instead recites numerous types of documents that Petitioner claims to have never received. To the extent Petitioner's affidavit attempts to dissuade the Court that neither it nor the IRS has jurisdiction over him, the Court has already ruled the evidence shows Plaintiff received proper notice of the summons and that jurisdiction is appropriate. Furthermore, Petitioner has failed to providence *any* evidence to support his assertions that he is not a taxpayer subject to the internal revenue tax and the provisions of the IRC. See 26 U.S.C. § 7701(14). Additionally, notwithstanding the degree to which the IRS has access to Social Security

Administration records and other relevant income information pertaining to Petitioner, he has not

shown that the IRS has possession of the specific information sought under the subpoena here.

Finally, the other documents referenced in Petitioner's affidavit are irrelevant to the inquiry before

the Court because none of the statements provide assertions "from which the court can infer the

possibility of some wrongful conduct by the IRS." Alphin, 809 F.2d at 238.

In closing, the Court notes, "The authority to tax has always been an inherent power given

to Congress, see McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 416 (1819), and with that

authority must also go the power to enforce the collection of such taxes." United States v.

McMullen, 755 F.2d 65, 67 (6th Cir.1984) (citing United States v. Drefke, 707 F.2d 978, 981 (8th

Cir. 1983)). In its broad delegation of powers to the IRS, Congress has given the IRS the authority

to issue summonses under § 26 U.S.C. § 7602, which "authorizes the IRS to summon certain persons

and data '[f]or the purpose of . . . determining the liability of any person for *any* internal revenue

tax.'" United States v. Norwood, 420 F.3d 888, 892 (8th Cir. 2005) (emphasis added). Neither

Petitioner's arguments nor his affidavit, taken separately or as a whole, state a cognizable claim that

the IRS is attempting to exceed or has exceeded its authority delegated by Congress. To the contrary,

the Government has met its burden under Powell and has sufficiently demonstrated that enforcement

of the subpoena is appropriate.

IT IS THEREFORE ORDERED that Petitioner's Motion to Quash (Doc. No. 1) is DENIED

and the Government's Motion to Enforce (Doc. No. 4) is GRANTED.

IT IS FURTHER ORDERED that the summons issued to and served upon Lending Tree,

LLC, be ENFORCED and that Lending Tree, LLC, obey the summons served upon it, and each and

every requirement thereof, and the production of the records, papers, and other data as required by

the terms of he summons before Revenue Agent William Southen or any authorized officer of the Internal Revenue Service.

IT IS FURTHER ORDERED that the Clerk shall distribute copies of this Order to parties at their address of record and also to the summoned party at Lending Tree, LLC, c/o Robin Chandler, 11115 Rushmore Drive, Charlotte NC 28277.

The Clerk is also directed to CLOSE this matter.

IT IS SO ORDERED.

Signed: July 9, 2008

Frank D. Whitney
United States District Judge