# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:08-mc-00067-W

| | |
|---|---|
| JEFFERY T. MAEHR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

THIS MATTER is before the Court on Petitioner's Motion for Reconsideration (Doc. No. 10) of the Court's prior order granting Respondent's Motion to Enforce the IRS Summons and denying Petitioner's Motion to Quash (Doc. No. 8). Also before the Court are several related filings, including: Petitioner's Reply to Response to Motion to Quash (Doc. No. 9), filed July 14, 2008, four days after entry of the Court's order and nineteen days after Respondent's response had been filed; Respondent's Response in Opposition to the Motion for Reconsideration (Doc. No. 11), filed August 8, 2008; Petitioner's Reply to Respondent's Response to Motion for Reconsideration (Doc. No. 12), filed August 18, 2008; and Petitioner's "Addendum" (Doc. No. 13), filed September 5, 2008. Although the Court is somewhat concerned with the timeliness of Petitioner's filing of the Reply and "Addendum," in the interests of justice and because Petitioner is proceeding *pro se*, the Court has reviewed and considered all of these documents as part of its analysis of the motion at bar.

On a motion for reconsideration, the movant carries a significant burden:

> It is improper to file a motion for reconsideration simply to "ask the Court to rethink what the Court had already thought through-rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983). A motion for reconsideration would be appropriate where: "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ... [or] a

> controlling or significant change in the law or facts since the submission of the issue to the Court [has occurred]. Such problems rarely arise and the motion to reconsider should be equally rare." Id. The limited use of a motion to reconsider serves to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court. To allow motions to reconsider offhandedly or routinely would result in an unending motions practice. Potter v. Potter, 199 F.R.D. 550, 553 (D.Md.2001).

Wiseman v. First Citizens Bank and Trust, Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003).

Here, many of Petitioner's reasons for reconsideration are restatements of his initial arguments, which the Court has already addressed and rejected. For example, Petitioner argues multiple times in support of reconsideration that the summons was invalid and not properly served. This mirrors the arguments initially raised in his Motion to Quash, as do the arguments pertaining to Petitioner's liability to file tax returns, the government's authority to summons information regarding such liability, the notice provided Petitioner regarding the third-party summons, and whether the government already possessed sufficient information to determine Petitioner's tax liability. Indeed, the bulk of Petitioner's Motion for Reconsideration and supporting documents do not present any new argument or evidence to demonstrate error in the Court's prior ruling, nor do they identify any misunderstanding by the Court, a controlling change in the applicable law or facts, or any other legal basis to support the Court's reconsideration of its earlier order. See id. As such, the gravamen of Petitioner's reasons for reconsideration are without merit and are denied for the reasons stated in the Court's original order.

Nevertheless, two of Petitioner's specific arguments raise new issues not previously addressed and are worth mentioning. First, Petitioner contends that the Court's use of the term "tax protestor" suggests a bias by this Court. The term "tax protestor" is routinely used by federal courts as a phrase to describe litigants who refuse to pay income taxes based on their belief that the Internal

Revenue Service ("IRS") is not a legitimate governmental agency and that it lacks authority over that person. See, e.g., U.S. v. Heath, 525 F.3d 451, 453 (6th Cir. 2008) (noting the defendant "became involved with tax-protester groups and stopped paying his federal income taxes"); U.S. v. McKee, 506 F.3d 225 (3rd. Cir. 2007) (using "tax protestor" term throughout in reference to the defendants' activities, philosophies, and nonfiling histories); U.S. v. Clayton, 506 F.3d 405, 407, 414 (5th Cir. 2007) (noting the defendant's communications with a "fellow tax protester"); U.S. v. Cohen, 510 F.3d 1114, 1116 (9th Cir. 2007) ("These consolidated appeals follow the convictions and sentences of a well-known recidivist tax protestor . . . ."); U.S. v. Chisum, 502 F.3d 1237, 1243 (10th Cir. 2007) (rejecting the defendant's "hackneyed tax protester refrain" challenging the district court's subject matter jurisdiction) (citation omitted); U.S. v. Dean, 487 F.3d 840, 844 (11th Cir. 2007) (noting the defendant "became a tax protester" when he suddenly reported his income and tax liability as "0" and refused to file his returns).

Nevertheless, to be absolutely clear, the Court's use of the term "tax protestor" was not meant to convey any negative connotation or suggestion of bias. Indeed, the Court did not use the term in reference to Petitioner, specifically, but rather in a general sense in reference Petitioner's *arguments* relating to the jurisdiction of the IRS. Even so, the United States Court of Appeals for the Fourth Circuit has itself applied the general term tax protestor in describing such specious arguments. See U.S. v. Walton, 989 F.2d 497, 1993 WL 78807 *1  (4th Cir. March 22, 1993) ("Most of the [defendants'] complaints regarding the summonses were patently meritless, 'tax-protestor' type arguments, e.g., that they are citizens of the 'foreign state of North Carolina' and, hence, not under the jurisdiction of the United States; that the summonses were invalid because they lacked the necessary Office of Management and Budget Control numbers; that the summonses were not

properly signed or "attested"; and that the revenue officer, Shirley Kriezel, was not authorized to issue summonses . . . ."). Accordingly, the Court's usage of the phrase "tax protestor" does not provide a basis for reconsideration of its earlier order.

Second, Petitioner specifically argues that this Court should consider his reply brief, filed in response to the Government's Response to Petitioner's Motion to Quash. Petitioner is correct that the Court did not consider this document at the time it issued the order because the reply brief had not yet been filed. Since that time, however, the Court has reviewed the reply brief and finds that the arguments contained therein are reiterations of the points raised in Petitioner's initial motion. None of the contentions provide the Court any reason to change its ruling as stated in the previous order. The Court also notes that most, if not all, of the contentions contained in the reply brief were also argued by Petitioner as specific reasons to support reconsideration of the order. None of these arguments provide a sufficient basis to reconsider the Court's earlier ruling, and even if the Court were to reconsider its earlier order, nothing in any of the documents or exhibits filed by Petitioner have convinced the Court that the third-party summons should be quashed.

Finally, the summoned party (Lending Tree, LLC) shall immediately comply with the Court's prior order (Doc. No. 8) directing it to comply with the subpoena, if it has not already done so.

IT IS THEREFORE ORDERED that Petitioner's Motion for Reconsideration is DENIED.

IT IS FURTHER ORDERED that the Clerk shall distribute copies of this Order to parties at their address of record and also to the summoned party at Lending Tree, LLC, c/o Robin Chandler, 11115 Rushmore Drive, Charlotte NC 28277.

IT IS SO ORDERED.                          Signed: September 11, 2008

Frank D. Whitney
United States District Judge